In the Matter of the TAX COMMISSION OF THE STATE OF NEW YORK, Petitioner. PAUL G. SINGER et al., Respondents.

Supreme Court, Kings County, January 5, 1953, on reargument, February 25, 1953.

*Mortimer M. Kassell* and *John A. Ross* for petitioner.

*Mathias Naphtali* for respondents.

EDWIN L. GARVIN, Official Referee. This is a motion by the State Tax Commission to vacate an undertaking which had been filed by the taxpayer and his wife in Kings County. The purpose of that undertaking was to stay execution of certain tax liens now on record against the taxpayer. The latter is seeking a review of assessments heretofore made against him for the years 1944, 1945 and 1947. Apparently differences between him and the commission for the year 1946 have been adjusted.

It is claimed by the commission that the manner of such review is expressly provided by section 375 of the New York Tax Law and that this section is an exclusive remedy. The commission objects to the undertaking on the ground that, as the taxpayer has not complied with said section, the undertaking has been given without authority of law.

The Supreme Court referred the motion to an official referee to hear and determine; at the same time making a similar reference of the justification of sureties named in the undertaking.

It is quite clear that the taxpayer is now seeking a review of the assessments to which reference has been made: the question is now presented as to whether this is the proper forum in which he should attempt to file an undertaking to secure such a review.

It is prescribed by section 1287 of the Civil Practice Act that a request for a review be made " at a Special Term of the

Supreme Court held within the judicial district embracing the county wherein the respondent made the determination "; also, if the petition is directed against the State Tax Commission, the application shall be made to a Special Term of the Supreme Court in the Third Judicial District. In this case the respondent is the State Tax Commission.

From the foregoing it would appear that in order to obtain a review the taxpayer must appear in the Third Judicial District. If the review is not obtained the bond fails of its purpose. It is claimed by the taxpayer, however, that a warrant has been filed in this county(Kings) and that there is a lien upon his property in this jurisdiction. That there is such a lien (under the provisions of Tax Law, § 380) cannot be denied, but this circumstance cannot be held to compel the court to entertain a proceeding not properly before it. Should the taxpayer obtain a review in a proceeding under article 78 of the Civil Practice Act, in that event the commission would be required to abide thereby and to refrain from taking any proceeding by way of enforcing the lien. The rights of the taxpayer will not be adversely affected by appearance before the Supreme Court in the Third Judicial District.

Coming to a consideration of the merits of the application of the commission, it appears that the taxpayer has not complied with the law. Section 374 of the New York Tax Law is entitled, " *Revision and readjustment of accounts by tax commission* ". It provides that a demand for a hearing must be filed in a form prescribed by the commission within ninety days after the date of the mailing of the determination of the commission. If the latter rejects the taxpayer's claim under section 374 of the New York Tax Law, then under section 375, the taxpayer may seek a review. An undertaking must then be filed with the commission. This section also provides for a ninety-day time limit.

The demand for a review asserted by the taxpayer is barred by section 375 of the New York Tax Law, which provides: " the remedy provided by this section for review of a determination of the tax commission shall be the exclusive remedy available to any taxpayer to judicially determine the liability of such taxpayer for taxes under this article ".

The sections relied upon by the taxpayer all have to do with procedure in connection with appeals to the Appellate Division (Civ. Prac. Act, § 615), the Court of Appeals (Civ. Prac. Act, §§ 593, 594) and the discharging of levy after appeal (Civ. Prac. Act, § 689). It is clear that they have no application. The taxpayer relies on section 380 of the New York Tax Law, which

prescribes the method for the State to issue a warrant for the collection of taxes. Here such a warrant has been issued by the State Tax Commission in Albany under the authority of section 380 of the New York Tax Law and is on record in Kings County. The issuance of the warrant is an accepted fact; the sufficiency of the warrant is not an issue here. The application of the Tax Commission to set aside the undertaking is granted. In view of this determination the court has no occasion to pass upon the sufficiency of the sureties.

Settle order on three days' notice.

(On reargument, February 25, 1953.)

This is a motion by Paul G. Singer and Rose Singer, taxpayers, for reargument of a motion heretofore decided herein. That was a motion by the State Tax Commission to set aside an undertaking filed by the taxpayers pending a review of an assessment made against them.

The motion for reargument was granted. Upon reargument, the court has considered with care the grounds advanced by the taxpayers for a change by the Official Referee of the determination and finds no valid reason for taking such action.

The original decision, as corrected on January 5, 1953, will remain unchanged. Settle order on notice.